NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHERINE CONYERS, | |
| Plaintiff, | |
| v. | Civil Action No. 11-437 (MAS) (LHG) |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*, | MEMORANDUM OPINION |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon the Equal Employment Opportunity Commission's ("Defendant" or "EEOC") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Def.'s Mot., ECF No. 27.) Plaintiff Katherine Conyers ("Plaintiff" or "Conyers"), proceeding *pro se*, failed to file an opposition. The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For good cause shown, Plaintiff's claims against the EEOC are dismissed with prejudice.

**I.      Background**

Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") against her former employer Jewish Family Service ("JFS") and the EEOC. (ECF No. at 1 ¶ 1.)[1] Plaintiff filed an administrative charge against JFS with the EEOC. (ECF No. 1 at 4 ¶¶ 9-10.) The EEOC issued a "Dismissal and Notice of Rights" stating that the

---

[1] As Plaintiff's submissions are not paginated, the Court will reference the documentation she has submitted to the Court by way of the ECF Page Numbers.

employer, JFS, did not have the requisite number of employees to be covered by the relevant statutes. (ECF No. 1 at 3.) Plaintiff requested reconsideration of the dismissal. (ECF No. 1-1 at 24.) This request was denied. (ECF No. 1-1 at 27.) Plaintiff's Complaint alleges that the EEOC "discriminated against [Plaintiff] relating to [her] case and dismissed the case without reviewing all pertinent documents that supported the case." (ECF No. 6 at 2.)

## II. Analysis

### A. Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

The motion to dismiss for lack of subject matter jurisdiction is governed by Rule 12(b)(1). The non-moving party bears the burden of persuasion in a challenge to the Court's subject matter jurisdiction. *See Teamsters Local 331 v. Phila. Coca-Cola Bottling Co.*, No. 06-6156, 2007 WL 4554240 (JHR), at *2 (D.N.J. Dec. 20, 2007) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991)).

Further, a district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v.*

2

*UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

**B.     Plaintiff's Claims Against the EEOC must be Dismissed**

The EEOC is a "government unit." *See* 42 U.S.C. 2000e-4. As such, it is "elementary" that, as sovereign, it is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Furthermore, waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). In absence of such waiver, or statutory authority providing otherwise, the Court cannot entertain Plaintiff's claim as it relates to the process by which the EEOC investigated her charge.

Additionally, "[t]he circuits which have addressed the issue have uniformly held that no cause of action against the EEOC exists for challenges to its processing of a claim." *Scheerer v. Rose State Coll.*, 950 F.2d 661, 663 (10th Cir. 1991) (citing *Peavey v. Polytechnic Inst.*, 749 F.

3

Supp. 58, 58 (E.D.N.Y. 1990), *aff'd*, 940 F.2d 648 (2d Cir.1991); *see, e.g., McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir. 1984); *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir. 1983), *cert. denied*, 466 U.S. 953 (1984); *Francis-Sobel v. Univ. of Me.*, 597 F.2d 15, 17-18 (1st Cir.), *cert. denied*, 444 U.S. 949 (1979); *Georator Corp. v. EEOC*, 592 F.2d 765, 767-69 (4th Cir. 1979); *Gibson v. Mo. Pac. R.R.*, 579 F.2d 890, 891 (5th Cir. 1978), *cert. denied*, 440 U.S. 921 (1979)).

Significantly, the Third Circuit has held that "[t]o the extent that [Plaintiff] assert[s] a claim against the EEOC . . . based on the manner in which the EEOC processed or investigated his administrative charges of discrimination, the District Court properly dismissed that claim." *Ponton v. AFSCME*, 395 F. App'x 867, 872 (3d Cir. 2010). In *Ponton*, the Third Circuit relied upon the D.C. Circuit's holding that: "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Id.* (citing *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997)).

## III. Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Plaintiff's claims against Defendant EEOC are DISMISSED with prejudice. An Order consistent with this Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: May 9th, 2013